FILED LODGED
RECEIVED
MAR 19 2026
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON – TACOMA DIVISION

**Angela "Angee" Moore**, Plaintiff, v. **Tacoma-Pierce County Health Department (TPCHD)**; **Director Reed**; **Cindan Gizzi**; Does 1–10, Defendants.

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26 CV 5274 JNW

## I. INTRODUCTION

Plaintiff Angela "Angee" Moore brings this action for violations of federal and state law arising from Defendants' pattern of misclassification, wage disparity, exclusion from protected employment structures, and failure to engage in a lawful interactive process under the Americans with Disabilities Act (ADA), culminating in termination after months without pay.

Plaintiff was treated as a permanent, high-functioning employee in duties and expectations while being maintained in a temporary classification that excluded her from proper compensation, benefits, and protections.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under federal question jurisdiction, including claims arising under the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and related statutes.

Venue is proper in the Western District of Washington as the events giving rise to this claim occurred within this district.

## III. PARTIES

**Plaintiff**: Angela "Angee" Moore, former employee of TPCHD.

**Defendant TPCHD**: Public health agency operating in Pierce County.

**Defendant Director Reed:** Director of TPCHD with executive authority over agency operations.

**Defendant Cindan Gizzi:** Deputy Director exercising operational control over employment-related decisions, including HR-related functions.

## IV. FACTUAL ALLEGATIONS

### A. Employment and Role

Plaintiff was employed by TPCHD beginning in 2022 and remained classified as a temporary project employee throughout her tenure.

Despite this classification, Plaintiff performed duties consistent with higher-level roles, including:

• Designing and implementing the Mobile Family Resource Center (MFRC) • Leading development and transition into Street Medicine • Coordinating cross-agency partnerships • Conducting direct outreach to underserved populations • Presenting independently to the Board of Health • Creating operational systems

Plaintiff was never placed on a Performance Improvement Plan, never disciplined, and consistently performed at or above expectations.

### B. Misclassification and Compensation Disparity

Defendants failed to provide Plaintiff a formal job description while assigning ongoing programmatic duties.

Other similarly situated employees were classified and compensated under established pay structures.

This omission prevented proper classification, obstructed fair compensation, and enabled assignment of expanded duties without corresponding pay or protections.

### C. Exclusion from Benefits

Due to temporary classification, Plaintiff was excluded from pension, retirement systems, and other long-term benefits despite performing ongoing work.

### D. ADA Interactive Process and Unpaid Period

Beginning in or around July 2025, Plaintiff engaged in an ADA interactive process and repeatedly communicated readiness to return to work.

Defendants failed to complete the interactive process and did not return Plaintiff to work.

Plaintiff remained without pay from approximately July 2025 through December 19, 2025.

### E. Constructive Exclusion and Administrative Failure

Defendants failed to provide clear employment status, delayed communication, and imposed conditions preventing meaningful participation in the ADA process.

### F. Termination

Plaintiff was terminated on or about December 19, 2025, following months of non-payment and unresolved ADA engagement.

## V. CLAIMS FOR RELIEF

Plaintiff incorporates all preceding paragraphs.

### COUNT I – DISABILITY DISCRIMINATION (ADA)

Defendants subjected Plaintiff to adverse employment actions during the ADA process.

### COUNT II – FAILURE TO ACCOMMODATE (ADA)

Defendants failed to provide reasonable accommodation and prevented return to work.

### COUNT III – RETALIATION

Defendants took adverse actions following Plaintiff's protected activity.

### COUNT IV – INTERFERENCE WITH PROTECTED LEAVE

Defendants interfered with Plaintiff's protected leave and failed to restore employment.

### COUNT V – RELIEF

Plaintiff seeks damages, reinstatement or front pay, back pay, and other relief.

## PRAYER FOR RELIEF

Plaintiff requests:

1. Compensatory damages;

2. Back pay and lost benefits;
3. Equitable relief;
4. Costs and other relief deemed proper.

DATED: March 19, 2026

**Angela "Angee" Moore** Plaintiff, Pro Se

6322 89th Ave W, Univerty place Wa 98467