UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA M. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>TACOMA-PIERCE COUNTY HEALTH DEPARTMENT et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05274-JNW<br><br>ORDER |

Plaintiff Angela Moore proceeds in forma pauperis ("IFP"), so the Court must review her complaint for sufficiency under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 7. The Court also considers Moore's motion to appoint counsel. Dkt. No. 9.

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203

F.3d 1122 (9th Cir. 2000)). So to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings, such as Moore's complaint, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Moore's complaint is too vague to state a viable claim for relief. She alleges that because she was misclassified as a temporary employee, she was underpaid and excluded from "pension, retirement systems, and other long-term benefits despite performing ongoing work." Dkt. No. 4 at 2. She does not tether the alleged misclassification to any particular Defendant or any specific law. She also states that she was discriminated against and retaliated against under the Americans with Disabilities Act ("ADA") but fails to provide factual allegations that, taken as true, would lead to that conclusion. Thus, the Court dismisses the complaint without prejudice and with leave to amend.

Turning to Moore's motion to appoint counsel. In general, people have no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But when a civil litigant proceeds IFP, a court may appoint counsel, in "exceptional

circumstances," under 28 U.S.C. § 1915(e)(1). *Id.* "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation modified). Courts must view these considerations together, and neither consideration is dispositive. *Id.*

Weighing these considerations, the Court declines to appoint counsel for Moore at this time, as no exceptional circumstances exist here. Because Moore's complaint fails to state a claim, she has not yet shown she is likely to succeed on the merits. And her claims are not unusually complex. While she may struggle to articulate her legal claims without a lawyer, that difficulty does not outweigh the other consideration.

Accordingly, the Court ORDERS:

1. The Court DISMISSES the complaint without prejudice and with leave to amend.
2. Moore must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for her claims as required by Fed. R. Civ. P. 8. The Court DIRECTS the Clerk to calendar this deadline.
3. The amended complaint will operate as a complete substitute for Moore's original complaint. Thus, any amended complaint must not cross-reference her previous complaint, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to

which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

4. Moore's motion to appoint counsel is DENIED. Dkt. No. 9.

Dated this 7th day of October, 2026.

Jamal N. Whitehead
United States District Judge